# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD LEROY SNOW,<br><br>　　　　　　　Plaintiff(s),<br>vs.<br>DANIEL PARAMO,<br><br>　　　　　　　Defendant(s). | CASE NO. 14cv536-LAB (BLM)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

　　On March 10, 2014, Petitioner Edward Snow, a prisoner in state custody, filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Snow is currently in state custody following his conviction for first degree murder committed during a robbery. Pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72, this matter was referred to Magistrate Judge Barbara Major for report and recommendation. On September 9, 2014, Judge Major issued her report and recommendation, recommending that the petition be denied. Snow filed objections.

　　A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been *properly* objected to." *Id.* (emphasis added) "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court is required to review only those portions of the R&R to which specific

objections have been made. *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Snow's objections purport to incorporate by reference his entire traverse, and ask the Court to review the entire case, and find the "conflict[s] and inconsistencies in the testimonies of Bo Lemler, Terry Taylor and James Myers." (Obj. to R&R (Docket no. 11 at 2.) These objections are improper for two primary reasons. First, objections to the R&R must be "specific" — a petitioner cannot simply object to the R&R as a whole, in generalized terms. *See United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007) ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized . . . .." (internal citations and quotations omitted)). Second, the Court is a neutral arbiter, and as such it cannot properly act as Snow's advocate. Here, that means it cannot accede to Snow's request that it review the entire case, find inconsistencies in the evidence, and create arguments for him. *See Jacobson v. Filler*, 790 F.2d 1362, 1365 (9th Cir.1986)) ("It is not for the trial court to inject itself into the adversary process on behalf of one class of litigant.") *See also Donahue v. United States*, 660 F.3d 523, 524 (1st Cir.2011) ("The courts cannot assume the role of advocates and create arguments never made.")

Even assuming Snow's reference to inconsistencies in the three witnesses' testimony amounted to a specific objection, and assuming the Court were to comb through the record and locate inconsistencies, it would make no difference to the outcome. The one claim in his petition (and indeed, the only claim he exhausted by raising it before the California Supreme Court) is that the trial court denied his due process rights under *Brady v. Maryland*, 383 U.S. 83 (1963) by failing to disclose a fraud investigation against Lemler. Under *Brady*, the suppression of evidence favorable to a defendant amounts to a constitutional error requiring that a conviction be set aside, but only if the evidence is prejudicial or material. *Strickler v. Greene*, 527 U.S. 263, 282–82 (1999). Materiality, in this context, refers to prejudice; suppressed evidence is material if there is "reasonable probability that, had the evidence

been disclosed to the defense, the result of the proceeding would have been different," or if suppression "undermines confidence in the outcome of the trial." *Kyles v. Whitley*, 514 U.S. 419, 434 (1995) (citing *United States v. Bagley*, 473 U.S. 667, 682 (1985)). If a violation is found, there is no need for further harmless error analysis. *Kyles* at 435. In other words, materiality or prejudice is essential to a finding of a *Brady* violation. Suppression of immaterial evidence is not a harmless *Brady* violation; rather, it is not a *Brady* violation at all. On federal habeas review, a state court's determination that no *Brady* violation occurred because of the immateriality of the suppressed evidence is reviewed only for reasonableness. *Towery v. Schriro*, 641 F.3d 300, 310 (9th Cir., 2010) (upholding as reasonable the state court's finding that suppressed information was immaterial); 28 U.S.C. § 2254(d). Reasonableness is a "high threshold" for a petitioner to surmount. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1402–03 (2011). A petitioner must show that there was "no reasonable basis" for the state court's determination, and that fairminded jurists could not agree with it. *Id*. at 1402. Under this high standard, federal courts will not issue writs of habeas corpus merely because they would have reached a different decision or because the state court determination is found to be incorrect or erroneous. *Clark v. Arnold*, 769 F.3d 711, 724–25 (9th Cir. 2014).

The state courts found the suppressed evidence immaterial and nonprejudicial. (*See* R&R, 10:4–10, 11:7-24 (citing California Court of Appeals' decision)). The R&R discussed the factual basis for this determination at length. (R&R, 12:17–16:9.)

Furthermore, even assuming there were conflicts or contradictions between the testimony of Lemley, Taylor, and Myers, the state courts' determinations were eminently reasonable. In addition to other points fully covered in the R&R, the Court notes that the evidence against Snow, even discounting any testimony that might have been impeached by the suppressed evidence, powerfully pointed to Snow's guilt.

Lemley was the owner of a towing business, where Taylor and Myers were employees. Taylor and Myers testified that Snow told them about his plans to rob the business where they all worked, and solicited their help. Both became his somewhat

reluctant accomplices, and as of the time of his trial, both had pled guilty to voluntary manslaughter for their part in the robbery.

The robbery was committed on the day and at the time Snow had said it would, when he knew Taylor and Myers would not be present and the business would be minimally guarded. Both also testified that he warned them afterwards not to go to the police, and that he had boasted about the robbery. Myers also testified that Snow had boasted about the killing, saying the victim had "never seen it coming." Their testimony was corroborated by cell phone records. Lemley, the only witness whose testimony might have been impeached by the undisclosed evidence, had no personal knowledge of those conversations, and any conflict or contradiction between his testimony and theirs would have made no real difference.

Other evidence unrelated to Lemley's testimony supported the conviction as well. For example, the crime was committed in a manner suggesting it was committed by someone with inside knowledge of the business. After the robbery, expensive new merchandise and over $30,000 in small bills similar to those taken during the robbery were found in Snow's home; he had provided his family with a shaky explanation of how he acquired this money. The state courts considered several other factors in addition to the compelling evidence of guilt, such as defense counsel's impeachment of Lemley through cross-examination. *See Towery*, 641 F.3d at 310 (upholding as reasonable a state court's determination that witness was adequately impeached at trial, rendering the suppressed information immaterial).

For these reasons, Snow's objections to the R&R are **OVERRULED**. The Court has reviewed the R&R, finds it to be correct, and **ADOPTS** it. The petition is **DENIED**. Because reasonable jurists would not find it debatable that the state courts' determination meets the "reasonableness" standard, a certificate of appealability is likewise **DENIED**.

**IT IS SO ORDERED**.

DATED: January 23, 2015

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge